**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOEL SALZ,

        Plaintiff - Appellant,

  v.

STANDARD INSURANCE COMPANY;
MTC MANUFACTURING LONG TERM
DISABILITY INSURANCE PLAN,

        Defendant - Appellees.

No. 09-55224

D.C. No. 2:06-CV-01821-GW-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted May 4, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and WALTER, Senior District
Judge.[**]

      In this ERISA action, Joel Salz appeals the district court's judgment in favor

of the appellees, holding that defendant Standard Insurance Company

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Donald E. Walter, Senior United States District Judge
for the Western District of Louisiana, sitting by designation.

("Standard"), the plan administrator, did not abuse its discretion in denying benefits under the Long-Term Disability Plan purchased by M.T.C. International, L.L.C.

Although the district court's decision was reached after this circuit issued *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955, 966-69 (9th Cir. 2006) (en banc) and after the Supreme Court issued its decision in *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008), it did not have the benefit of *Montour v. Hartford Life & Accident Insurance Co.*, 588 F.3d 623, 631-32 (9th Cir. 2009). *Montour* made it clear that *Abatie* had "abrogated a line of cases" such as *Jordan v. Northrup Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869 (9th Cir. 2004), which the district court relied on in its decision. 588 F.3d at 631.

We therefore reverse and remand to the district court with instructions to apply the structural conflicts framework as elucidated in *Montour*. We note a number of nonexhaustive facts and circumstances the court should consider on remand.

First, *Montour* held that a proper administrative process will meaningfully discuss a claimant's award of social security benefits, *id.* at 635, but here Standard mentioned the fact of Salz's award without analyzing the distinctions between the

2

basis for the two awards, *see id.* (citing *Glenn v. MetLife*, 461 F.3d 660, 671 n.3 (6th Cir. 2000), *aff'd*, 128 S. Ct. 2343).

Second, even if use of the Department of Labor's *Dictionary of Occupational Titles* (1991) ("DOT") is appropriate, Standard's exclusive reliance on the DOT failed to take into account Salz's "Own Occupation." While the policy states that Standard "*is not limited* to looking at the way you perform your job for your Employer" (emphasis added), a proper administrative review requires Standard to analyze, in a reasoned and deliberative fashion, what the claimant actually does before it determines what the "Material Duties" of a claimant's occupation are. *See, e.g.*, *Lasser v. Reliance Standard Life Ins. Co.*, 344 F.3d 381 (3d Cir. 2003); *Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264 (4th Cir. 2002); *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243 (2d Cir. 1999). Standard did not do so.

Finally, even if Standard's exclusive reliance on the DOT had been proper, the way in which Standard relied on it was unreasonable. Standard's evaluation of Salz's job used the DOT's "sedentary" classification, which specifies that "[s]edentary work involves sitting most of the time." Standard, however, also accepted that Salz could not sit for a prolonged period of time in a fixed position, such as sitting at a computer. Standard stated that Salz's managerial occupation

3

"would typically allow for maximum self regulated flexibility in position change," but we can locate nothing in the DOT (and no evidence in the administrative record) to support this conclusory statement.

**REVERSED and REMANDED.**